**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EDWARD L. CLARK, JR., | ) Case No. SACV 21-1565-MWF (JPR) |
| Plaintiff, | ) ORDER ACCEPTING FINDINGS AND |
| v. | ) RECOMMENDATIONS OF U.S. |
| | ) MAGISTRATE JUDGE |
| STATE OF CALIFORNIA et al., | ) |
| Defendants. | ) |

The Court has reviewed the Complaint, records on file, and Report and Recommendation of U.S. Magistrate Judge, which recommends that Defendants' motions to dismiss be granted and the motion to strike Plaintiff's state-law claims be denied as moot and that the action be dismissed. On March 15, 2022, Plaintiff objected to the R. & R.; the attorney Defendants responded on March 30. Defendant Michaelson didn't respond. Although the Objections are largely unintelligible, the Court attempts to address them.

Plaintiff challenges the Magistrate Judge's finding that the extrinsic-fraud exception to the Rooker-Feldman doctrine doesn't apply. (See Objs. at 3-13, 17-18.) He claims that a nondefendant state-court judge committed extrinsic fraud by

1

issuing a letter "respond[ing] to [Plaintiff's] allegations of judicial misconduct" against Defendant Michaelson. (Id. at 3.) That letter, Plaintiff says, "prevent[ed] the appellate court from reviewing [his] Appeal without prejudice and prevented the Commission on Judicial performance from reviewing any of the criminal allegations." (Id. at 3-4; see also id. at 17 (arguing that letter "prevented the appeals court from ruling on any of the fraudulent activities, only addressing subject matter jurisdiction").) The judge had allegedly "been a co-conspirator of the criminal enterprise who unlawfully set out to extort a settlement assuming . . . they could procure immunity hiding behind [the] Rooker-Feldman doctrine." (Id. at 11.) Plaintiff insists that that judge — along with Defendants — "chose to circumvent the judicial process for apparent financial gain" and "intentionally conspire to break the law." (Id. at 12.)

To start, Plaintiff's claims here, like those in the Complaint, are plainly frivolous: they're based on irrational and unfounded allegations of a grand conspiracy against him. See Denton v. Hernandez, 504 U.S. 25, 32–33 (1992) (court may dismiss as frivolous claim supported only by "fanciful," "fantastic," "delusional," "irrational," or "wholly incredible" allegations); Forte v. Cnty. of Merced, No. 1:11-cv-00318-AWI-BAM., 2014 WL 4745923, at *2 (E.D. Cal. Sept. 23, 2014) (dismissing complaint that was "characterized by a familiar pattern of allegations that some governmental entity or person did not respond favorably to [plaintiff], and then alleging, based on nothing more than speculation, that whatever setback he experienced was the result of a grand conspiracy against him"). But his fraud claim fails

2

for an even simpler reason, as the Magistrate Judge explained: the state-court judge wasn't an adverse party in the underlying state-court action.  (See R. & R. at 16.)  Even the law quoted by Plaintiff acknowledges that any extrinsic fraud must arise from "something done by the successful party to [the] suit."  (Objs. at 2 (quoting United States v. Throckmorton, 98 U.S. 61, 65 (1878)).)  On top of that, Plaintiff never even explains how the letter was actually false or otherwise deceived the state court. (See, e.g., id. at 3 (noting only that letter revealed "conflict of interest" and intended to "create judicial immunity"), 11 (letter was "self serving" and "conflict of interest").)

  The letter didn't, as Plaintiff insists, prevent the state appellate court from "ruling on any of the fraudulent activities."  (Id. at 17; see also id. at 5 (alleging that judge "succeeded in the cover up" because "appellate court only looked at subject matter jurisdiction and stated 12 of 13 issues did not get reviewed").)  Rather, Plaintiff did that himself:

> As stated above, we cannot review the remaining issues.  One reason is that a section 473 motion is not the proper procedure for disputing the court's evidentiary rulings at trial (parol evidence, judicial notice).  Another reason is that [Plaintiff] failed to provide supporting argument and authority (Code of Civil Procedure section 631.8 issue).  A third reason is that we cannot review orders subsequent to the ones identified in the notices of appeal (orders issued after April 15, 2018).  A final reason is that the issue was not first raised in the trial court (spousal support).

(Att'ys' Mot. Dismiss, Req. Judicial Notice, Ex. 10 at 13-14.) The Magistrate Judge correctly found that the extrinsic-fraud exception doesn't apply.[1]

Plaintiff complains, again, that he never agreed to have Defendant Michaelson hear his underlying family-law case. (See Objs. at 12.) Thus, he claims, Michaelson's rulings are "void" and not intertwined with the action here. (Id.) But as the R. & R. explained, that is exactly why they are intertwined (never mind that the state court of appeal rejected his argument on this score): his claims are premised on the family-law court's allegedly erroneous rulings. (See R. & R. at 11-12.) And he doesn't deny that he seeks to undo those rulings, as the Magistrate Judge noted. (See R. & R. at 12.) She didn't err.

Next, Plaintiff argues that the Magistrate Judge incorrectly found that the state appellate court affirmed Defendant Michaelson's order requiring Plaintiff to continue to make monthly equalization payments to his ex-wife. (Objs. at 20.) But it did. (See Att'ys' Mot. Dismiss, Req. Judicial Notice, Ex. 10 at 2 ("We affirm the order."), 14 ("The orders . . . are affirmed.").)

Finally, Plaintiff seeks leave to amend the Complaint to bring claims under 42 U.S.C. § 1983. (See Objs. 19-20.) But the

---

[1] Despite failing to timely object to Defendants' requests for judicial notice, which the Magistrate Judge therefore granted, Plaintiff now "objects to the [C]ourt accepting the Truth of the matter" of the state-court judge's letter. (Objs. Judicial Notice at 2.) But he never states how the Magistrate Judge did so. (See id. at 6 (requesting that Court reconsider R. & R.'s findings "if [it] consider[ed] documents for the truth of the matter").) Indeed, the letter wasn't necessary to her findings.

4

1  Complaint already purported to bring at least some claims under
2  that section.  (See Compl. at 3.)  And as the attorney Defendants
3  point out (see Resp. at 2-3), he can't assert such a claim
4  against them because they are private actors and didn't do
5  anything under color of state law.  See West v. Atkins, 487 U.S.
6  42, 49 (1988).  At any rate, because the Rooker-Feldman doctrine
7  would still bar this lawsuit, amendment would be futile.  See
8  Chaudry v. Cal. Ct. of App., No. 3:11-cv-508-JAH (NLS), 2011 WL
9  13121679, at *4 (S.D. Cal. Dec. 5, 2011) (finding that because
10 Rooker-Feldman barred suit, amendment would be futile), aff'd,
11 582 F. App'x 706 (9th Cir. 2014).
12     It therefore is ORDERED that Defendants' motions to dismiss
13 this lawsuit are GRANTED and the motion to strike Plaintiff's
14 state-law claims is DENIED as moot.  Judgment is to be entered in
15 Defendants' favor, dismissing this action without prejudice.

DATED: April 1, 2022        _____
                            MICHAEL W. FITZGERALD
                            U.S. DISTRICT JUDGE